## C. T. FREEMAN *v.* EDWARD J. COONEY, ET AL.

**Damages—Easement.**

> Where one under a contract is entitled to a conveyance of a right of way, which it is agreed he shall receive on a certain date, but which he does not receive at that time, but he is permitted during all such time to use and enjoy such easement, he is only entitled to nominal damages in a suit for failure to convey such easement to him.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

November 2, 1877.

OPINION BY JUDGE ELLIOTT:

Appellant sold his farm of 110 acres, lying near the Frankfort and Versailles Turnpike road, to S. Tobin, and for a deferred payment took Tobin's note for $3,070, due the 5th day of April, 1876, but executed a covenant to Tobin that he would convey him by himself or others a passway from the farm sold to him to the turnpike road.

Appellant was not the owner of the land over which the passway ran, and therefore bought the privilege of a passway of appellees, who promised to convey it by the 1st of September, 1875, according to their covenant filed in this suit. They failed to convey till June, 1876, and this suit had in the meantime been brought.

The damage appellant says he sustained was in the failure of Tobin to pay him according to his contract in consequence of his failure to convey Tobin a passway. The covenants by Tobin to pay the balance due on the land and by appellant to furnish Tobin a passway were independent ones, and each could have recovered of the other the damages he had sustained by reason of a breach of the covenant, and if Tobin had sued appellant for failing to assure him a passway; as he agreed to do, he could have only recovered the damage he had sustained by a non-compliance, as during the suit

42

appellant had offered to comply; and if it had turned out in evidence that although appellant had not conveyed the passway Tobin and those on his farm had been using it without cost, Tobin's damages could only have been nominal.

There is no evidence in this record that Tobin did not have the use of the passway as though it were his own, and if so Tobin would only have been entitled to nominal damages in a suit against appellant for failing to furnish it. The damages that appellant has sustained by reason of Tobin's failure to make promptly the last payment on the land purchased is too remote.

There is no evidence that appellant has sustained any damage or been prevented from a free passage to the turnpike by reason of the failure to convey the passway at the time promised. As the appellant showed no appropriate special damage he was only entitled to nominal damages, and as the court adjudged him the cost we will not reverse, because it failed to give one cent or other nominal sum in damages.

There is no allegation or proof in this record that appellant or Tobin were either of them obstructed in the use of a passway over Cooney's land from the farm sold by appellant to Tobin to the Frankfort and Versailles Turnpike road, and therefore appellant fails to show any approximate damage.

Wherefore the judgment is *affirmed*.

*A. J. & D. James, for appellant. D. W. Lindsay, for appellees.*